In re CITY TRUST CO. et al.

(Circuit Court of Appeals, Sixth Circuit. March 18, 1903.)

No. 1,117.

1. BANKRUPTCY—LABOR CLAIMS—PRIORITY—STATUTES—CONSTRUCTION.

Rev. St. Ohio 1890, § 3206a, provides that, in all cases where property of an employer is placed in the hands of an assignee or trustee, claims for labor performed within three months prior to the appointment of such trustee shall be first paid. Section 6355 declares that every person who shall have performed any labor "as an operative" in the service of an assignor shall be entitled to receive out of the funds, before the payment of other creditors, the full amount of wages due for such labor within 12 months preceding the assignment, but that such provisions shall not prejudice securities given or liens obtained in good faith, etc., with certain exceptions. *Held*, that such sections were not inconsistent, since section 6355 deals only with the fund in the hands of an assignor or trustee, and applies only to such laborers as are operatives, and, having been subsequently enacted, deprives such laborers of the general preference created by section 3206a.

2. SAME—MORTGAGE LIENS—PRIORITY.

Under Rev. St. Ohio 1890, § 6355, as amended by Act April 5, 1889, declaring a preference in the distribution of the proceeds of the property of an assigned estate in the hands of the trustee, in favor of every person who shall have performed any labor as an operative in the service of the assignor, for labor performed within 12 months preceding the assignment, but declaring that its provisions shall not prejudice securities given in good faith, for value, except certain judgments by confession, or security given with intent to create a preference or to secure a preexisting debt, other than on real estate for the purchase money thereof, which should be invalid as against such labor claims, the claims of operatives of a bankrupt were not entitled to priority in the distribution of its estate as against a mortgage executed in good faith to secure bonds issued for money loaned, and a bona fide assignment of the bankrupt's equity in the bonds, executed more than six months before bankruptcy to secure a valid debt.

Petition for Revision of Proceedings of the District Court of the United States for the Northern District of Ohio, in Bankruptcy.

Bacon & Clay, Smith & Taft, and White, Johnson, McCaslin & Cannon, for petitioners.

Nathan Loeser and Walter C. Ong, opposed.

Before LURTON, DAY, and SEVERENS, Circuit Judges.

DAY, Circuit Judge. This is a petition to review an order of the District Court awarding priority to certain claims for labor filed with the trustee in bankruptcy over two certain liens under a mortgage as hereinafter set forth. The F. Muhlhauser Company, an Ohio corporation, carrying on business at Cleveland, Ohio, on the 15th day of

March, 1901, duly executed and filed for record its mortgage lien on certain realty to secure bonds in the sum of $150,000, and also a mortgage on certain chattels to secure the same bonds, which was duly filed on March 15, 1901, and afterwards refiled on March 12, 1902, as required by the statute. On March 15, 1901, the City Trust Company loaned to the F. Muhlhauser Company $140,000, taking as collateral security therefor the said issue of bonds. On August 14, 1901, the F. Muhlhauser Company assigned to the Pearl Street Savings & Loan Company its equity in the bonds to secure a debt in the sum of $21,531.52. On February 4, 1902, a deed of assignment for the benefit of creditors of the F. Muhlhauser Company was duly executed by that company and filed in the court of insolvency of Cuyahoga county. On the 6th of February the corporation was adjudicated a bankrupt. The labor claimants asked to have their claims for work and labor performed within three months next preceding the assignment allowed in preference to the mortgage liens of the City Trust Company and the Pearl Street Savings & Loan Company. Such labor claims were presented in the aggregate sum of $4,379.31. The referee held in favor of the priority of the mortgage liens. The District Court, upon the authority of In re Laird, 109 Fed. 550, 48 C. C. A. 538, decided by this court in June, 1901, reversed this finding, and awarded priority to the labor claimants over the liens in question. In re Laird was decided on an interpretation of section 3206a of the Revised Statutes of Ohio of 1890, undertaking to fix a charge or lien upon the fund in cases where the debtor's property is placed in the hands of a receiver, trustee, or assignee, in favor of labor claims accruing within three months. In that case the property of a partnership had been placed in the hands of a receiver in the state court, and the property converted into money before the intervention of bankruptcy proceedings. We held that the fund passed into the possession and jurisdiction of the bankruptcy court, impressed with a charge amounting to a lien in favor of the labor claims. The question made in this case had no reference to the rights of lienholders under section 6355 of the Revised Statutes of Ohio of 1890, regulating general assignments. The controversy was between general creditors and labor claimants, where the property was placed in the hands of a receiver in the state court. We have no disposition to qualify the conclusions reached as to the construction and application of section 3206a, in view of the facts presented in the case of In re Laird. A similar construction was given to the statute of Iowa, in terms much similar to the Ohio statute, in Reynolds v. Black, 91 Iowa, 1, 58 N. W. 922. Judge Adams, of the Southern District of New York, gave the statute of that state the same effect in a well-considered opinion in In re Jacob Slomka, 9 Am. Bank. R. 124, 117 Fed. 688.

We are now to consider section 3206a of the Revised Statutes of Ohio of 1890, in connection with section 6355. These sections are:

"Sec. 3206a. * * * And in all cases where property of an employer is placed in the hands of an assignee, receiver, or trustee, claims due for labor performed within the period of three months prior to the time such assignee, receiver, or trustee is appointed, shall be first paid out of the trust fund, in preference to all other claims against such employer, except claims for taxes and the costs of administering the trust."

"Sec. 6355. All taxes of every description assessed against the assignor upon any personal property held by him before his assignment, shall be paid by the assignee or trustee, out of the proceeds of the property assigned in preference to any claim against the assignor, and every person who shall have performed any labor as an operative in the service of the assignor, shall be entitled to receive out of the funds, before the payment of other creditors, the full amount of the wages due to such person for such labor performed within twelve months preceding the assignment, not exceeding three hundred dollars. But the foregoing provisions shall not prejudice or any way affect securities given or liens obtained in good faith, for value, but judgments by confession on warrants of attorney rendered within two months prior to such assignment, or securities given within such time to create a preference among creditors, or to secure a pre-existing debt other than upon real estate for the purchase money thereof, shall be of no force or validity as against such claims for labor to the extent above provided, in case of assignment."

The first-quoted section was passed in April, 1883. The latter section was amended, as hereinafter stated, in April, 1889. It is a settled rule of statutory construction that the later declaration of the legislative will impliedly repeals the earlier, if the two are irreconcilable. It is equally true that repeals by implication are not favored, and, if possible, both enactments must stand, and apparently conflicting provisions be reconciled. Endlich on Interpretation of Statutes, § 182.

The provisions of these statutes, in certain respects, are not conflicting. Section 3206a applies to all classes of labor claims, and creates a preferential charge on the fund when the property has been placed in the hands of an assignee, receiver, or trustee. Section 6355 is a part of the chapter regulating the administration of estates of insolvent debtors, and deals with the distribution of the fund in the hands of the assignee. It does not have to do with estates placed in the hands of receivers or trustees, nor does it make provision for all claims of laborers, but for those who shall perform labor as operatives in the service of the assignor. All laborers are not operatives. Generally speaking, an operative is a person employed as a workman in mill or factory; a skilled workman; an artisan; especially one who operates a machine in a factory. Standard Dictionary. Several cases are found in the Ohio Reports dealing with the question as to what constitutes an operative, within the meaning of this section. It will not be profitable to cite them now, as we are not concerned with a question of that class. It is enough to say that this is one class of labor claims broadly covered in section 3206a, which in section 6355 are made the subject of special provision. It is a settled principle of statutory construction that where a case is specifically provided for in clear and distinct terms, the special statute will prevail over the terms of a general law which might otherwise govern the case. Endlich on Interpretation of Statutes, § 399, and note. This is clearly the result where the last declaration of legislative intention on a particular subject is repugnant to the provisions of a general law. And without regard to priority of enactment, the specific provisions will control as exceptions to the matters embraced in other general provisions. Townsend v. Little, 109 U. S. 504–512, 3 Sup. Ct. 357, 27 L. Ed. 1012.

Section 6355, in so far as it undertakes to provide for the payment of operatives' claims for labor performed within 12 months preceding

the assignment, not exceeding $300, has long been a part of the Ohio statute law. On April 5, 1889, the following important amendment was made to this section:

"But the foregoing provisions shall not prejudice or in any way affect securities given or liens obtained in good faith, for value, but judgments by confession on warrants of attorney rendered within two months prior to such assignment, or security given within such time to create a preference among creditors, or to secure a pre-existing debt other than upon real estate for the purchase money thereof, shall be of no force or validity as against such claims for labor to the extent above provided in case of assignment."

The liens set up in this case were created more than two months prior to the assignment, and, according to the findings of the referee, were obtained in good faith and for value. Consequently, if this section is to apply, they are of that class of liens which are not to be postponed to the labor claims of operatives in the employ of the assignor. The referee has found that the claims in this case are those of operatives of that class. While we realize the general principle which gives to this kind of legislation a liberal construction, with a view to carrying out its beneficent purposes, we do not think it was the intention of the Legislature to give to laborers of this class the benefit of both sections 3206a and 6355. As we have said, the broad provisions of 3206a might include all classes of laborers; but in section 6355 the Legislature is dealing with a distinct class, fixing the right to preferential payment in cases of assignment. We think the principle to which we have heretofore adverted is controlling. The special provision covering the very class of claims set up in this case must control over the general terms of another section of the statutes, which, standing alone, might be held to include them. As to the claims of operatives in the employ of the assignor, the law gave certain preferential payment out of the fund to be realized. By the amendment of April 5, 1889, it was expressly declared that such claims shall not prejudice or in any way affect certain liens obtained in good faith and for value. In this case we think both the lien and the laborer's claims come within the express terms of section 6355 as amended, which should be given controlling effect. In this view of the law, we think there was error in giving priority to the labor claims over the liens in controversy.

Judgment reversed and cause remanded for further proceedings in accordance with this opinion.

Note. This case was decided and opinion prepared while Judge DAY was a member of this court.