## PREFERENCES TO EMPLOYEES OF INSOLVENT CONCERNS.

Common Pleas Court of Clark County.

H. E. MYERS ET AL v. THE ENSIGN MOTOR CO.*

Decided, 1918.

*Liens—Class of Employees Entitled to Preference—Not Different under Section 8339 from Section 11138—Automobile Salesmen Not Entitled to Preference.*

1. It was not intended by the Legislature, by its use in Sections 8339 and 11138 of different definitions of the employees of an insolvent debtor who are entitled to preference in the payment of claims, to enlarge the class of persons to whom the provision is applicable or to provide preference for different classes. These statutes are *in pari materia.*

2. Automobile salesmen who operated for an insolvent concern within prescribed territory are not entitled to preference in payment of their claims for services, notwithstanding their duties included the performance of some manual labor around the garage.

*Stafford & Arthur* and *John M. Cole,* for plaintiff.
*A. J. Todd,* contra.

GEIGER, J.

Minor T. Ballentine and Clarence A. Ballantine each present a claim which they ask be allowed as a preferred claim against the funds in the hands of the receiver of the Ensign Motor Company.

The claim of each arises out of services performed as automobile salesmen in the employ of the insolvent corporation. All the services were performed within three months of the appointment of the receiver. Minor T. Ballentine's employment was that of a general agent for the sale of automobiles within his territory, which included several counties, and for a portion

---

* Affirmed by the Court of Appeals for Clark County, by which court the claims were rejected as preferred claims under the statute, but a portion of one claim was allowed for equitable reasons not involved in the above opinion.

of the time for which he claims wages, he was general manager of the company.

Clarance A. Ballentine, under his contract, acted as a salesman operating in any territory within the district controlled by Minor T. Ballentine. He was required to furnish his own demonstrating car and pay his own expenses.

Each of these claimants performed minor manual services incident to the operation of the garage owned by the defendant corporation, but they were employed as salesmen, and their compensation was fixed upon a per cent. of the sales made by each.

It is stated by counsel that they claim that the wages due to these employees are preferred by virtue of Section 8339, G. C., and not by virtue of Section 11138, G. C., both of which relate to preferred claims against insolvent debtors.

Section 8339, G. C. provides, in substance, that laborers and employees, whether such employment be at agriculture, mining, manufacturing or other manual labor shall have a lien upon the real property of their employers, and further, that in all cases when property of the employer is placed in the hands of an assignee, receiver or trustee, claims due for labor performed within a period of three months prior to the time such assignee is appointed, etc., shall be first paid out of the trust fund.

It is urged that both of these claims come within the provisions of this statute, and a number of cases are cited which seem to justify the claim.

It is recognized in various decisions that this statute covers two conditions that may exist in reference to the property of an insolvent.

The first part of the statute is applicable where there is real estate of the insolvent; the second part, above cited, applies when there is no real estate.

The Supreme Court, in the case of St. Marys Machine Co. v. National Supply Co. et al, 68 O. S., 535, says on page 539:

"As there was no real estate in this case, the only part of the section applicable here is the following," which is the part last above cited.

If by the statement of the court in the Machine Company case, that only a part of the statute applies where there is no real estate, we are confined to "claims due for labor performed within a period of three months" our inquiry would be confined to determining whether the service of the salesmen is included within the meaning of the word "labor."

Admitting however, for the time, as claimed by counsel, that the first part of the statute applicable to a case where there is real estate, is to be considered, we are to determine whether "laborers and employees, whether such employment be at agriculture, mining, manufacture or other manual labor," correctly describes the class occupied by these claimants in reference to the insolvent company.

The case most relied upon by claimants is that of *Lewis* v. *Dawson*, 6 C. C., 243, in which it is held that a salesman employed at a fixed salary per month and a per cent. on all the sales made by him, is an employee of the company within the meaning of Section 8339, G. C., and entitled to a perference on his claim as therein provided.

The court, in speaking of the provisions of Section 8339, G. C., says:

"There are evidently two classes of persons designated in the statute, 'laborers' which may perhaps only be intended to mean such as 'work with their hands'; and 'employees,' to include any person employed to perform any services, whether manual or otherwise, necessary to be performed in and about the business in order to make it a success, and both entitled to the preference of the statute."

The court in that case seems to have lost sight of the fact that the statute uses the words "laborers and employees, whether such employment be at agriculture, mining, manufacturing or other manual labor," and that it also uses the expression, "claims due for labor performed."

If the court was correct in interpreting the word "employees" to mean any person employed to perform any service, whether manual or otherwise, the door would be opened for all persons who do anything for compensation, or who are employed in

any manner by the insolvent, to secure preference for their claims.

. In the case of *Hanner* v. *Maumee Brewing Co.* 6 O. N. P., 305, it was held that the wages of a traveling salesman are entitled to preference, and the court seeming somewhat reluctantly to follow the case of *Lewis* v. *Dawson,* 6 C. C., 243, says:

"So far as Pringle is concerned"—a salesman upon the road— "I only have this to·say: that the decision of the circuit court in Cincinnati is directly in his favor and it is not within the proper province of this court, there being no decision of the circuit court directly against it, to overrule that decision, and Mr. Pringle's claim will be allowed."

· A very interesting opinion is that rendered by Hon. John C. Miller, late of this court, in the case of *Akron Iron Co. et al* v. *Whitely Co. et al,* 25 W. L. B., 203. The court says:

"The logical conclusion therefore is that the claims of the employees of the William N. Whitely Company for labor performed by them, either in the shop or office; either at home or abroad; either in setting up machines in the field or in selling the same; either resident or non-resident of the state of Ohio ought to be paid in full."

However, the court's decision was based upon the fact that the receiver was to continue the operation of the plant, to which the various employees had contributed by their skill and labor, on the theory that courts of equity may make it a condition of continuing to operate an insolvent corporation, that the arrearages of claims of those who have by their labor contributed to the assets which go into the hands of the receiver, shall be paid out of the first net assets of the receivership.

In the case of *Northern Ohio Gas Appliance Co.* v. *Hallett,* 16 C.C.(N.S.), 342, it is held that a salesman may have an attachment on the ground that his claim is one for work and labor, and the court refers to and follows the case of *Lewis* v. *Dawson, supra.* But upon reading the case it appears that no question is made upon the point that a traveling salesman does not technically perform work and labor, the holding being

directed to the point that a person whose wages consist of commissions on goods sold, is entitled to the same protection as one who labors at a fixed wage.

The Supreme Court, in the Machine Company case, 68 O. S., 535, in speaking of Section 11138, G. C., says:

"It is *in pari materia* with said Section 8339, G. C., and both sections must be read and considered together."

Statutes are *in pari materia* which relate to the same person or thing, or to the same class of persons or things, and statutes which are *in pari materia* are to be considered as though they had originally constituted one enactment.

Further discussion in reference to the differences and similarity of these two sections may be found in *In Re City Trust Co.*, 121 Fed., 706, *In Re Laird*, 109 Fed., 550; both decisions by Judge Day.

Section 11138, G. C., instead of using the term "laborers and employees" uses the phrase "each person who has performed labor as an operative in the service of the assignor."

It is quite difficult to arrive at the conclusion that these two statutes in the different definitions used intend to give preference to a different class of persons. Section 8339, G. C., defines the persons whose wages are to be preferred as "laborers and employees, whether such employment be at agricuture, mining, manufacture or other manual labor," and further on the statute uses the phrase "for labor performed." Section 11138, G. C., uses the phrase "each person who has performed labor as an operative."

The claimant, as stated in the Machine Company case, should be allowed to invoke the provision most favorable to himself, both as to the description of his services, and as to the length of time and the amount which the preference should cover.

If it be true that the class of labor provided for in these two sections can not be distinguished, and that the two sections are *in pari materia,* the case of *In Re Assignment of William M. Sloan,* 60 O. S., 472, seems to be of decisive importance.

In that case is it held that one who is employed by a publisher of a legal directory as traveling agent, in obtaining subscriptions

and selling the directory to attorneys and others and collecting accounts, is not an "operative" within the meaning of Section 11138, G. C.

This case was originally decided under the title of *David Davis, Assignee of William Sloan, v. Greenlee,* 13 O. C. C., 229. The court, on page 231 says:

"While we are not disposed to place a very strict construction upon this language as used in this statute, and, in view of what we deem to be the purpose of the Legislature in its enactment, viz: to protect and prefer the claims of those who, as workmen or laborers, serve their employer in the house, field, factory or mine, or in other like services, would be strongly inclined to be liberal in the construction to be placed upon it, yet we are of the opinion that on the admitted facts of this case, it can not rightfully be said that Mr. Greenlee performed labor as an 'operative' in the service of Mr. Sloan."

The court says that the common acceptance of the words operative, laborer and workman, is the correct one, and that the statute was not intended to give a preference to every person who had performed labor of any kind for the assignor within the period prescribed.

"If so, the lawyer who may have tried a case for him, or the physician or surgeon who may have rendered him service in the line of their profession, must be considered as 'operatives'; for it is only when the service is rendered as an operative that the statute applies, and this could not have been the intention of the Legislature."

The Supreme Court, in the review of this case, 60 O. S., 472, says:

"We agree with the conclusion reached by the circuit court. The applicant is not an operative within the meaning of the above section."

In 37 Law Bulletin, page 257, will be found the following editorial note:

"The question whether a traveling salesman can claim a prior lien for salary due, under Section 6355, R. S. (11388, G. C.), which gives 'operatives' a preference for their claim for wages

due in cases of assignment for benefit of creditors, came before the Circuit Court of Franklin County last week, and the court held that a traveling salesman is not an operative within the meaning of the section, following a decision on the same question of the Circuit Court of Hamilton County, in *Davis* v. *Greenlee,* 13 C. C., 229.''

This court, in the case of *Houston* v. *Houston* held that clerks in a grocery store were entitled to preference for their wages.

The court is by no means inclined to hold that all those engaged in selling goods are not within the provisions of the statute, as very frequently salesmanship by clerks in stores calls for great manual labor, as for instance, those selling groceries or hardware.

It was held that clerks in a jewelry store were entitled to preference. *In Re Assignment of Duhme Co.,* 4 O. N. P., 294.

See also, as throwing light upon these statutes: *In Re Assignment of Lowery,* 4 O. N. P., 395; *In Re Assignment of Fairview Glass Co.,* 9 Ohio N. P. (N.S.), 157; *Green* v. *Weller, Assignee,* 6 C.C.(N.S.), 351; *Trust* v. *Miami Oil Co.,* 19 C. C., 727.

These statutes are also interestingly discussed by the Federal Court in *In Re Crawford Woolen Co.,* 218 Federal Rept., 951; *In Re Greenwald,* 99 Federal Rept., 705.

In the last cases mentioned, it is held that a traveling salesman is not entitled to preference under similar statutes.

The court has gone at some length into the discussion of this question, for the reason that it is of considerable importance to these claimants, as well as for the reason that these statutes had been enacted for the preference of a certain class of creditors and should receive the most liberal construction, and also because a different construction has been placed upon them by a number of lower courts.

It however appears to the court that in Section 8339, G. C., it is required that a person, in order to be entitled to its beneficial protection must be a laborer whose duties call primarily for the exercise of manual labor in some form.

It is definitely held in *In Re Assignment of Sloan, supra,* that a salesman is not one who performs labor as an operative, and

the same reasoning leads to the conclusion that a salesman performing like service is not a laborer or employee engaged in manual labor, and this is true even though he performs some manual labor incident to his employment as a salesman, and the claims will be rejected as preferred claims.