## ODENDAHL v. POKORNY REALTY CO.
### No. 7461.

Circuit Court of Appeals, Fifth Circuit.
March 19, 1935.

Sol Weiss and A. P. Frymire, both of New Orleans, La., for appellant.

Richard B. Montgomery, Jr., of New Orleans, La., for appellee.

Before BRYAN, FOSTER, and HUTCHESON, Circuit Judges.

FOSTER, Circuit Judge.

This is an appeal by a trustee in bankruptcy from a judgment ordering him to pay rent, past due at the date of adjudication, to the extent of the proceeds of the sale of property of the bankrupt in the leased premises, less taxes and a contribution of $258.90, the cost the landlord would have incurred in foreclosing his lien in other proceedings, and with preference over costs of administration, such as fees of the referee, trustee, appraisers, attorneys for the bankrupt and trustee, etc.

 A landlord in Louisiana has a lien of a very high order on all the property of the tenant in the leased premises to secure the payment of the rent. Civil Code art. 2705. The statute enters into and forms part of every contract of lease, and in many respects, not material to this case, the lien is superior to the lien of a contractual mortgage. This is not disputed, but it is contended by appellant that the landlord's claim must be ranked according to the provisions of section 64b of the Bankruptcy Act, 11 USCA § 104 (b), under which costs of administration are to be paid in full before a distribution is made to persons who by the laws of the states or the United States are entitled to priority, which class includes a landlord having a lien.

Section 64b is to be construed together with section 67d, 11 USCA § 107 (d), which provides that valid liens shall not be affected by other provisions of the Bankruptcy Act. The persons referred to in section 64b (7), 11 USCA § 104 (b), (7), as entitled to priority, are those persons whose rights arise under provisions of law, but who have no lien or right on specific property and are to

be paid by preference out of the general assets of the estate. We have repeatedly held that the holder of a valid lien on specific property is entitled to be paid in full out of the proceeds of the burdened property, subject only to superior liens on the property and a contribution to the estate equal to what it would have cost to foreclose the lien. Lerner Stores Corp. v. Electric Maid Bake Shops (C. C. A.) 24 F.(2d) 780, and authorities therein cited; In re Brannon (C. C. A.) 62 F.(2d) 959; Dunn v. Interstate Bond Co. (C. C. A.) 68 F.(2d) 364. Cf. In re City Trust Co. (C. C. A.) 121 F. 706; Lott v. Salsbury (C. C. A.) 237 F. 191. We see no occasion to depart from our rulings.

Affirmed.