**In re BOLTON ROAD MEDICAL CENTER, Debtor.**

**The CITIZENS AND SOUTHERN NATIONAL BANK and First Federal Savings and Loan Association of Rochester, Rochester, New York, Appellants,**

**v.**

**A. L. MULLINS, Jr., Trustee for Bolton Road Medical Center, and Swift, Currie, McGhee & Hiers, Attorneys for Trustee, Appellees.**

No. B75–38A.

United States District Court, N. D. Georgia, Atlanta Division.

Sept. 30, 1976.

D. W. Latimore, Jr., Frank W. Scroggins, Atlanta, Ga., for debtor.

Swift, Currie, McGhee & Hiers, Atlanta, Ga., for appellees.

## ORDER OF COURT

MOYE, District Judge.

This is an appeal by First Federal Savings and Loan Association of Rochester (First Federal) and The Citizens and Southern National Bank (C&S), the secured creditors of the former Chapter XII Debtor, Bolton Road Medical Center (BRMC), from an Order of the Bankruptcy Court entered on March 10, 1976, which apportioned the costs of compensating the Trustee and his attorneys among the secured creditors and the Debtor.

The pertinent facts are as follows: On January 6, 1975, BRMC, a Georgia limited partnership, filed a Chapter XII petition. BRMC did not file a plan of arrangement with its Chapter XII petition but was continued in possession. BRMC was granted several delays in the filing of its plan, the final deadline being on December 1, 1975. Upon written application of First Federal, and with the acquiescence of C&S, a Trustee was appointed on June 30, 1975. Apparently, the secured creditors requested such appointment because a plan of arrangement was not forthcoming and they did not believe that BRMC was proceeding in good faith.

Subsequently the Trustee took over the control of BRMC, whose profitable operation was essential to the successful continuation and prospective success of the Chapter XII proceeding.

During the Trustee's tenure First Federal and C&S moved forward with their reclamation efforts, initially opposed by the Trustee, in the bankruptcy court and, in addition, opposed any and all extensions of time requested by the Trustee for the filing of a plan by the Debtor.

The bankruptcy judge found that the Trustee "acted responsibly and responsively in analyzing (*sic*) the status of the proceeding at the outset, reporting progress to the Court, assessing what to him appeared to be the ultimate impossibility of rehabilitation of the Debtor, and recommending the termination of the proceeding resulting in dismissal." The bankruptcy court held that the Trustee and his attorney were entitled to compensation in accordance with Section 495 of the Bankruptcy Act, 11 U.S.C. § 895.[1] Furthermore, the Court held that pursuant to Sections 891, 892, allowances for services rendered and costs and expenses incurred in a Chapter XII proceeding may be made to the trustee and others. The bankruptcy court found that the decisions in *First Western Savings and Loan Ass'n v. Anderson*, 252 F.2d 544 (9th Cir. 1955), and *United States v. Henderson*, 274 F.2d 419 (5th Cir. 1960), which set stringent guidelines for assessing compensation for a trustee against secured creditors, were inapplicable inasmuch as they involved Chapter X proceedings wherein the trustee was appointed at the request of the secured creditors.

Accordingly, the Trustee and his attorney were awarded compensation and reimbursement of costs to be assessed in the following manner:

Compensation and Costs of Trustee ($8,649.59)

| | |
|---|---|
| First Federal | $5,189.75 |
| C&S | $3,459.84 |

Compensation for Trustee's Attorney ($10,200.00)

| | |
|---|---|
| First Federal | $3,870.00 |
| C&S | $2,580.00 |
| BRMC | $3,750.00 |

The issues presently before the Court are the following: Whether the Trustee and his attorney may be compensated for services rendered and reimbursed for costs incurred and, if so, in what amount. And, against whom should said sums be assessed and how apportioned.[2]

It is a well-established rule that in a straight bankruptcy proceeding general costs of administration may not be assessed against secured creditors. See *e. g., Odendahl v. Pokomy Realty Co.*, 76 F.2d 271 (5th Cir. 1935). However, in a Chapter X proceeding, the Fifth Circuit has interpreted section 246 of the Bankruptcy Act, 11 U.S.C. § 646,[3] in such a way as to modify this rule slightly in Chapter X proceedings. *United States v. Henderson, supra.* The Fifth Circuit states as follows:

"From a reading of these and other cases and from the legislative history of Section 246, we conclude that Section 246 sought to rectify a rule which denied adequate compensation to committees and their counsel, and that it did modify the former rule but only to an extent which might properly have been developed by the courts themselves; that is,

---

**1.** "Upon the dismissal of a proceeding under this chapter or the entry of an order adjudging the debtor a bankrupt, the judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in such proceeding prior to such dismissal or order of adjudication by any persons entitled thereto, as provided in this chapter, and shall make provision for the payment thereof and for the payment of all proper costs and expenses incurred by officers in such proceedings."

**2.** In its Supplemental Brief dated February 23, 1976, the Appellant C&S argued before the bankruptcy court that Fed.R.Civ.P. 54(d) requires that costs should not be assessed against Appellants, since they were both prevailing parties in the "adversary proceedings." However, C&S has not urged this argument in the instant appeal, other than referring to the Feb-

ruary 23 brief. Even so, this argument is without merit. Rule 54(d) specifically states that there is an exception to the allowance of costs to the prevailing party. That exception is when another statute of the United States provides otherwise. Section 495 of the Bankruptcy Act controls the allowance of costs in the instant action.

**3.** "Upon the dismissal of a proceeding under this chapter, or the entry of an order adjudging the debtor a bankrupt, the judge may allow reasonable compensation for services rendered and reimbursement for proper costs and expenses incurred in such proceeding prior to such dismissal or order of adjudication by any persons entitled thereto, as provided in this chapter, and shall make provision for the payment thereof, and for the payment of all proper costs and expenses incurred by officers in such proceedings."

that costs and expense from which the mortgagee benefited or which might reasonably be expected to benefit the mortgagee, may in the discretion of the district court be properly charged against the mortgaged property." (citations omitted)

274 F.2d at 423. The Fifth Circuit further distinguished between activities of the Trustee and his attorney which were directed toward exploring the possibilities for reorganization rather than preserving the assets of the debtor; costs for the latter being assessable against the secured creditors. 274 F.2d at 422.

Citing the Ninth Circuit's decision in *First Western Savings and Loan Ass'n v. Anderson, supra,* which similarly concludes that such compensation may be assessed against the secured creditors in a Chapter X proceeding, the Fifth Circuit listed the following factors to be considered in making the determination as to how much of the compensation and costs, if any, should be assessed against the secured- creditor:

"(1) Was there a reasonable expectation of consummating a reorganization plan which would have benefited secured creditors, thus justifying the imposition · of charges against them which could not have been imposed in general bankruptcy proceedings?

"(2) Were the services rendered by those who have been awarded allowances intended primarily to protect the interests of unsecured creditors and the debtor, or was due regard also had for the interests of secured creditors?

"(3) Did those who have been awarded allowances demonstrate reasonable diligence and competence in bringing the unsuccessful reorganization proceedings to conclusion?

"(4) Were the secured creditors benefited by anything which was done in the reorganization proceedings?

"(5) Did the secured creditors request or consent to the bringing of the proceedings, or consent to, or waive objection to, any of the activities of the trustee therein?

"(6) Were the secured creditors responsible for any delays in connection with the proceedings, or uncooperative in the attempt to formulate an acceptable plan?"

274 F.2d at 423, n. 14.

■ The Court is of the opinion that the decision in *Henderson* should apply with equal force to a proceeding under Chapter XII, such as the instant proceeding. Although it is true, as the Trustee contends and as the bankruptcy judge found, that the appointment of a trustee is mandatory in Chapter X proceedings and is not in a Chapter XII proceeding, the fact that Federal Savings and C&S requested such an appointment in the instant proceedings is not such a material distinction as to distinguish the applicability of *Henderson* to the instant proceedings. The Trustee was appointed by the bankruptcy judge pursuant to the authority of Bankruptcy Rule 12–17(b). Such an appointment necessarily entails a determination by the bankruptcy judge that cause has been shown for the requested appointment. As stated above, First Federal, with the acquiescence of C&S, sought the appointment of a trustee because it became concerned as to the good faith and diligence of the Debtor with respect to prosecuting the Chapter XII proceeding. However, the fact that the secured creditors requested the appointment of the Trustee does not imply a consent that the costs of the proceedings may be charged against the secured creditors. Certainly the secured creditors were aware that once appointed, the Trustee would become an independent fiduciary and assume his duties under the Bankruptcy Act. It would be a breach of this fiduciary duty for the Trustee to act solely in behalf of one or both of the secured creditors. Indeed, First Federal and C&S opposed certain of the actions taken by the Trustee. Similarly, merely because the Trustee did not take the steps which First Federal and C&S hoped he would take when they requested his appointment does not mean that the Trustee was not acting for their benefit and that compensation and costs may not be assessed against them.

Furthermore, the Court notes that there is nothing in the language of Section 246 which distinguishes it from the language of Section 495 and, therefore, the Court's interpretation of Section 246 in *Henderson* may be used favorably in an interpretation of Section 495.

■ Set in this conceptual framework, the Court is unable to determine if the bankruptcy judge abused his discretion in making the assessments presently in dispute. The court below did not believe that *Henderson* was applicable to the instant proceedings and, therefore, did not abide by the fairly stringent guidelines set forth in *Henderson* nor were the bankruptcy court's findings of fact and conclusions of law consistent with the requirements of *Henderson.* The great majority of issues raised on appeal by the appellants are concerned with considerations which the bankruptcy judge should take into account when considering the assessments in question in light of *Henderson.* On many of these questions the bankruptcy judge made no findings, and on others his findings might be different once set against the framework of *Henderson.* It would be inappropriate for this Court to resolve these issues on this appeal without first providing the lower court with an opportunity to consider them in light of this Court's decision. It would be particularly inappropriate, at this stage of the proceedings, for this Court to determine which actions of the Trustee benefited the secured creditors and which did not benefit them. The Court does find, however, that the bankruptcy judge does not appear to have abused his discretion in finding that the Trustee acted "responsibly and responsively," in good faith, and in a competent manner. The Court declines to set aside such finding.

■ Under the rule established in *Henderson*, the bankruptcy judge must determine that the assets of the Debtor are insufficient to cover the expenses in question and then must determine what amounts, if any, should be assessed against First Federal and C&S, following the guidelines established in *Henderson.* The bank-

ruptcy court should balance the misfortune of having some expenses go unpaid against the possible inequity of charging them all against the secured creditors. If the bankruptcy court exercises a sound discretion in this regard, based upon findings supportable on the record and consistent with the decision in *Henderson*, the determination made will not be set aside upon review. See *First Western Savings and Loan Ass'n v. Anderson, supra*, 252 F.2d at 548. It is conceivable that upon such an examination of the facts the bankruptcy court may make exactly the same assessments against First Federal and C&S that it made in the order before this Court on appeal. However, the findings of the bankruptcy court to date are insufficient to support such a determination on this appeal.

Accordingly, the order of the bankruptcy court is hereby ORDERED VACATED and the proceeding REMANDED for further findings in accordance with this Order.