### In re SANFORD FURNITURE MFG. CO.

#### (District Court, E. D. North Carolina. December 30, 1903.)

1. BANKRUPTCY—REFEREES—FEES.

Under Bankr. Act July 1, 1898, c. 541, §§ 40, 48, 30 Stat. 549 [U. S. Comp. St. 1901, pp. 3436, 3439], as amended by Act Feb. 5, 1903, c. 487, §§ 9, 11, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, pp. 414, 415], providing that a referee in bankruptcy is entitled to commissions on all moneys distributed to creditors by the trustee, the referee is entitled to commissions on all sums which would have been paid through the trustee but for an outside agreement between the parties and their attorneys, in addition to the moneys which were actually disbursed by the trustee.

2. SAME—PROPERTY SUBJECT TO LIENS.

Where property subject to liens was sold by a bankrupt's trustee with the consent of the holders of the liens, the referee and trustee in bankruptcy were entitled to commissions on the entire purchase price; and this though the property was purchased by the party holding the incumbrance, the price in such case being treated as constructively paid to the trustee.

In Bankruptcy.

W. J. Adams, J. N. Holding, F. A. Daniel, and Wheeler H. Martin, for creditors.

Seawell & McIver, for bankrupt corporation.

PURNELL, District Judge. The referee herein files his petition for the construction of sections 40 and 48 of the bankruptcy act of July 1, 1898 (30 Stat. 549, c. 541 [U. S. Comp. St. 1901, pp. 3436, 3439]), as amended by Act Feb. 5, 1903, c. 487, §§ 9, 11, 32 Stat. 799 [U. S. Comp. St. Supp. 1903, pp. 414, 415], referring to the fees of referees and trustees. A petition was filed by unsecured creditors, and an adjudication duly entered. The property of the bankrupt was subject to a deed of trust to secure a debt which was held and owned principally by W. J. Hilands, who was present at the first meeting of creditors, and who, through his attorney, participated in the selection of a trustee. R. V. Hilands was the trustee under the deed of trust, and in possession of the property. On the election of the trustee in bankruptcy, he surrendered possession of the property to such trustee, who afterwards sold the property at the instance and by the consent of all parties concerned, subject to the deed of trust, "or" free of the trust; and from the reports it is impossible to tell what this means, the repeated expression used being "free from incumbrances" of all the property covered by the trust.

The principal secured creditor (W. J. Hilands), however, through his attorney, used the bankrupt court for the purposes of sale, and, after sale, demanded of the trustee in bankruptcy a deed for the property. If the property had been sold by the trustee under the deed of trust, the fees or commissions of the trustee would have been deducted from the fund; and, having used the officers of this court, though not formally submitting his claims to the court, he has tacitly done so, and put himself in the jurisdiction of the court. It is understood these secured creditors, through their attorney, who also represents unsecured creditors, now object to commissions being allowed to the referee and trustee on any sum, save and except such as actually

passed through the hands of the trustee. The referee, under the law, is entitled to commissions on all moneys which were disbursed to creditors by the trustee. This means all sums which should be paid through the trustee but for outside agreement between parties and attorneys. When property subject to liens is sold by consent of parties holding such liens, the referee and trustee are entitled to commissions, under the act, on the purchase price in full. When sold free from incumbrances, the money is constructively paid to the trustee, even when purchased by the party holding the incumbrance, and they are entitled to commission thereon as if actually paid. Having used the process of the court to accomplish their purpose, to wit, to sell and purchase the property by a trustee of this court, which they could probably not have done under the deed of trust, on account of the relationship with the trustee under the said deed of trust, they have received benefits and services for which the officers of the court are entitled to pay.

Under the circumstances of this case, it is held that the referee and trustee are entitled to their commissions under the bankrupt act, to be calculated on the full amount of the sale, including securities.