In re MORSE IRON WORKS & DRY DOCK CO.

(District Court, E. D. New York.  December 6, 1906.)

BANKRUPTCY—TRUSTEES—COMMISSIONS.

Where an order for sale of a bankrupt's property provided that, in case it was purchased by a creditor after payment of a certain percentage, the amount of the distributive share of the proceeds to which the purchaser would be entitled might be deducted, the fact that payment was so made does not deprive the trustee of his right to commission on the amount so deducted which was the equivalent of the payment of a dividend.

In Bankruptcy.

David McClure, for creditor.

William S. Maddox, for Petze, trustee.

THOMAS, District Judge.  The court ordered the sale of the property upon the following terms:

"That 10 per cent. shall be paid in cash at the time of the purchase, and the balance thereof shall be paid in cash at the time of the delivery of the deed, which shall be 30 days thereafter, unless the time for such delivery shall be extended by the trustee or the court, except that, in case the property shall be purchased by a creditor or creditors, there may be deducted from said balance the amount of the distributive share of the said purchase price to which the said purchaser or purchasers would be entitled, such amount to be fixed by the court, the amount of cash to be paid by such creditor upon the purchase to be in all not less than $5,000."

The property sold for $50,000 to Caddagan, who owned or represented claims against the estate amounting to 62.8 per cent. of the total of the claims proved, so that the purchaser, pursuant to the foregoing order, was obliged to pay in cash $12,837.56, and the remainder was apportioned to Caddagan, or the creditors whom he represented. Whether the actual ascertainment was made by the trustee, or somebody else, is unimportant.  He was responsible for the result, and his action was equivalent to the payment of the money; for, whether he accepted as payment the amount of the dividends, or received the money and redistributed it, his duty and obligation were substantially the same.  The court necessarily allowed the fees received by him, and it is considered that he had a perfect right to rely upon the judgment and decision of the court in that regard.  The effort of the court was to convenience the creditors, and was not intended to deprive the trustee of his meager compensation for his services.

The motion is denied.