In re OLD OREGON MFG. CO.

(District Court, W. D. Washington, N. D.   June 19, 1916.)

No. 5553.

1. BANKRUPTCY ☞257—SALES—PURCHASERS.
    Where, in bankruptcy proceedings, land is sold subject to a mortgage, the mortgagee, who did not prove his claim, may, as any other person, bid for the owner's equity of redemption.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 356, 357; Dec. Dig. ☞257.]

2. BANKRUPTCY ☞327(2)—PROOF OF CLAIMS—NECESSITY.
    Where, upon bankruptcy of the mortgagor, the mortgagee did not prove his claim for the amount of the mortgage, he cannot thereafter resort to the bankrupt estate, but is relegated to the mortgaged property as security.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 501, 502, 507; Dec. Dig. ☞327(2).]

3. BANKRUPTCY ☞368—TRUSTEES—COMPENSATION.
    Bankr. Act July 1, 1898, c. 541, § 48, 30 Stat. 557, as amended by Act Feb. 5, 1903, c. 487, § 11, 32 Stat. 799 (Comp. St. 1913, § 9632), provides that trustees shall be paid from the assets which they have administered such commissions on all moneys disbursed as may be allowed by the courts, not to exceed enumerated percentages; while section 72, as added by Act Feb. 5, 1903, c. 487, § 18, 32 Stat. 800 (Comp. St. 1913, § 9656), provides that neither the referee nor trustee shall in any form or guise receive nor shall the court allow, compensation in addition to that allowed by the act. A trustee administered the estate of a bankrupt, which consisted principally of an equity in mortgaged premises. The property was sold subject to the mortgage, and bought in by the mortgagee, who did not prove his claim. Held that, as the mortgagee did not prove his claim and could have no recourse against the bankrupt estate, the trustee was not entitled to commissions on the entire value of the mortgaged premises, but only to commissions on the purchase price of the equity of redemption.
    [Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 571; Dec. Dig. ☞368.]

In Bankruptcy. In the matter of the bankruptcy of the Old Oregon Manufacturing Company, a corporation. Proceeding to review an order of the referee allowing compensation to the trustee. Order reversed.

Oldham & Goodale, of Seattle, Wash., for petitioning creditors.
Alexander & Bundy, of Seattle, Wash., for bankrupt and trustee.

NETERER, District Judge. The claim of the trustee in bankruptcy is presented for commissions in administering upon the above estate. The assets of the estate consist chiefly of timber lands and a sawmill. This is mortgaged in the sum of $100,000. At a meeting of the creditors the assets were ordered to be sold subject to the mortgage. At the sale the mortgagee became the purchaser of the equity held by the trustee for $7,000. A claim was presented for commissions upon $107,000. The creditors and the trustee appear to have agreed that

not to exceed $500 should be paid to the trustee as compensation. The claim was allowed in the sum of $300 on account and certified by the referee, accompanied by a statement of the facts and authorities which, it is contended, sustain such payment. The authorities presented are Varney, Referee, v. Harlow, 210 Fed. 824, 127 C. C. A. 374; In re Breakwater Co., 220 Fed. (D. C.) 226; Id., 224 Fed. 333, 140 C. C. A. 19.

[1-3] I do not think that these cases sustain such conclusion. In re Breakwater, 220 Fed. 226, supra, was reversed by the Circuit Court of Appeals in 224 Fed. 333, 140 C. C. A. 19, and therefore cannot have any influence in this consideration. Compensations of the trustee are predicated upon section 48 of the Bankruptcy Act as amended, which states that the fee shall be paid "from estates which they have administered, such commissions on all moneys disbursed by them as may be allowed by the courts, not to exceed," etc. The estate administered by the trustee was the interest which the bankrupt had in the property at the time of adjudication. This interest was the value of the property over and above the mortgage indebtedness. In Varney v. Harlow the property was sold clear of all liens, which is clearly distinguished from this case, where it was sold subject to the liens, and no attempt made to administer upon more of the property than the interest of the bankrupt, which was the value over and above the mortgage. In Re Varney, supra, the mortgagee became the bidder; the court permitted the payment to the value of the mortgage to be made in the security held upon the estate, and required only the overplus to be paid in money. It was immaterial whether the money was paid with the right hand and withdrawn with the left hand, so far as the estate was concerned. The value of the entire property was administered, and the disbursement made in contemplation of law to the full extent of its value, including the mortgage indebtedness; whereas, in the instant case, no such attempt was made—no claim was filed by the mortgagee against the estate. The mortgagee seemed content with the interest he had in the property, which was the mortgage indebtedness. When the property was sold subject to the mortgage indebtedness, no person was required to pay more than the value of the bankrupt's interest in the estate, and the mortgagee had as full a right to become a bidder as a third party, and the fact that he did bid does not change the status of the estate administered, or give to the trustee the right to commissions upon values not administered.

If the mortgagee had invoked the aid of the bankruptcy court by presenting his claim and setting in motion the machinery of the court for the purpose of liquidating such indebtedness and having the bankruptcy court's adjudication with relation to the issue tendered thereby, it would present a different matter. In the instant case sale was made, not with respect to the full value of the property; nor was the property offered with respect to its full value, but rather the value the bankrupt had which passed to the trustee. When property is sold subject to liens, the lienholder, not having presented his claim and invoked the administration of the full value of the property, cannot afterwards resort to the bankrupt estate, but is relegated to the property as se-

curity, and this act, so far as the estate was concerned, released this debt, even though it was not proven. The only authority authorizing the payment of compensation to the trustee or referee is that shown in sections 40 and 48 of the Bankruptcy Act, and that is: "From estates which they have administered such commissions on all moneys disbursed by them as may be allowed by the courts. * * *" No allowance was made upon the mortgagee's claim by the court, as that was not presented. No occasion was made for recognition of the claim by the court, as the interest of the bankrupt over and above the indebtedness is all that was sold. Section 72 of the Bankrupt Act provides that "neither the referee * * * nor trustee shall in any form or guise receive, nor shall the court allow him, any other or further compensation for his services than that expressly authorized and prescribed in this act."

In view of the provisions of the act and the proceedings in this estate, the order of the referee should be reversed. This conclusion, I think, is fully sustained by the Circuit Court of Appeals (In re Breakwater, supra), and appears to me to be clearly the intent of Congress.