## In re LOWELL TEXTILE CO.

(District Court, D. Massachusetts. May 18, 1923.)

No. 29017.

Bankruptcy ⬅223, 368, 484—Where entire estate, including mortgaged property, was taken over by trustees, referee and trustees, but not receivers, entitled to commission on whole amount.

> Where bankrupt's entire property, including mortgaged property, was taken over and sold by trustees, the mortgagee consenting, and the proceeds disbursed under orders of the referee, under Bankruptcy Act, § 40 (Comp. St. § 9624), the referee was entitled to commission on the entire amount, as were the trustees under section 48a; but the receivers, having never taken or had possession of any part of the mortgaged property, were not entitled to include its amount in computing their commissions.

In Bankruptcy. In the matter of the Lowell Textile Company, bankrupt. Certified questions as to proper commissions of referee, trustees, and receivers. Questions answered.

Robert E. Goodwin, of Boston, Mass., for referee.

MORTON, District Judge. The questions certified relate to the proper commissions of the referee, the trustees, and the receivers. The facts are stated in the certificate and may be summarized as follows:

The bankrupt owned a manufacturing plant, consisting of real estate and machinery. All of the real estate and most of the machinery was covered by a mortgage. As to some of the machinery there was a question between the trustees and the mortgagee. With the consent of the mortgagee and of the holders of certain tax liens, the referee made an order that the entire plant and machinery be sold by the trustees at public auction, free of all liens, it being understood that the liens of the mortgagee and tax titles would be transferred to the fund resulting from the sale, and that was done. The referee afterwards made an order directing the trustees to pay specified amounts to the mortgagee and to the holders of the tax liens. There remains in the hands of the trustees a substantial balance, more than sufficient to pay the commissions here in question.

The first question is whether the referee is entitled to 1 per cent. commission upon the amounts disbursed by the trustees to the holders of the mortgage and tax liens. The answer depends upon section 40 of the Bankruptcy Act (Comp. St. § 9624), which gives to the referee a commission of 1 per cent. "on all moneys disbursed to creditors by the trustee." The amendment of 1903 substituted these words in place of "sums to be paid as dividends and commissions." It is settled that a person to whom a debt is due is a creditor, notwithstanding that he may hold security. All sums paid to creditors are included in the language of the statute. If personal property in which a lien is claimed or is established comes into the possession of the trustees and is sold by them, the entire amount received is I believe, invariably included in computing the commissions. Here the property sold was taken

over by the trustees for that purpose under an order of the referee with the assent of all parties in interest, and the proceeds of the sale were paid out by the trustees to the mortgagee and holders of liens under orders of the referee. It seems to me that this constituted a disbursing to creditors within the meaning of section 40, and that the referee is accordingly entitled to his commission on the entire amount.

The next question certified is whether the trustees are entitled to their commission upon the same sum. This is governed by section 48a, which gives to trustees commissions "on all moneys disbursed or turned over to any person, including lienholders, by them." This language is stronger and more definite than that of section 40, just discussed. The trustees are in my opinion entitled to their commissions upon the entire sum. "If the money comes lawfully into the hands of the trustee, as such, and if he in the performance of his duty as such is required to protect, preserve, and care for it, and eventually disburse it pursuant to the order of court, and does so, there is no reason why he should not have his commissions, if the court allows them, even if the funds are subject to a lien which in law and equity the court is required to recognize and enforce." Ray, J., in Re Cramond (D. C.) 145 Fed. 966, 972. See, too, In re Breakwater Co. (D. C.) 220 Fed. 226.

I am aware that there are expressions in other cases not entirely consistent with these views; but they disregard too much, it seems to me, the plain language of the statute. Referees are entitled to a fair construction of the statute fixing their fees; the construction should not be forced against them. As to trustees, as their fees are entirely within the control of the court, there is no occasion to force the language of the statute out of its ordinary meaning, in order to protect estates or creditors. Whether fees ought to be allowed on such sales is a very different question from whether they can be allowed. It by no means follows that, if trustees selfishly or improvidently seek and obtain authority to take and liquidate property subject to liens, they ought to be allowed commissions on the gross amount if there has been no proportionate benefit to the estate. Where, as here, the net result of the trustee's efforts has been to increase the amount of the estate, I see no sufficient reason why they should not be paid for the work and responsibility of the liquidation. A commission upon only the surplus realized would in most cases be entirely inadequate.

The last question is whether the receivers are entitled to include the entire sum in computing their commission. The receivers did not take possession of the mortgaged property nor sell it. No part of it or the proceeds of it ever came into their possession or was turned over by them. They are not entitled to include it.