**In re Dale Lee HINKLE, Debtor.**

**FIRST NATIONAL BANK CHANUTE, KANSAS, Plaintiff,**

**v.**

**Dale Lee HINKLE, Defendant.**

**Bankruptcy No. 81–40633.**

**Adv. No. 81–0217.**

United States Bankruptcy Court, D. Kansas.

Nov. 25, 1981.

Wallace M. Buck, Jr., Topeka, Kan., for First National Bank, Chanute.

Cary L. Standiferd, Topeka, Kan., Trustee.

Robert L. Reed, Topeka, Kan., for Dale Lee Hinkle.

## ORDER

JAMES A. PUSATERI, Bankruptcy Judge.

In the above captioned matter, the debtor received a sum of $15,756.21 from the sale of his wheat. The debtor listed this sum under Schedule B–2 of his chapter 7 petition in bankruptcy. This sum of money was turned over to the trustee, Cary L. Standiferd. The First National Bank of Chanute, Kansas filed its proof of claim, asserted a security interest in the wheat and the proceeds generated from the sale of the wheat, and attached a security agreement and various financing statements to its claim verifying its security interest in the wheat.

The trustee agrees the proceeds are secured, are valueless to the estate, and should be abandoned to the First National Bank. The trustee does request, however, statutory trustee's fees pursuant to § 326(a) for disbursement of money to a party in interest, including secured creditors.

This Court has recently held that when the trustee abandons property to a secured claimant, there is no actual or constructive disbursement and the trustee cannot collect any compensation under § 326(a). *In Re SMS, Inc.,* 15 B.R. 496, (D.Bankr.Kan. 1981). If the collateral in question was any item of secured goods or realty, the trustee, in the normal course of performing his duties, would have no problem abandoning the collateral to the secured creditor, and would not request, and in the past has not requested a trustee's fee for the abandonment under § 326(a). Here, the trustee has collected cash, money, proceeds, and upon abandoning the cash to the secured creditor seeks a trustee's fee from the cash. The Court can find no equitable or statutory distinction between abandoning goods or realty, and abandoning cash, when disbursement fees are in issue. In fact, the legislative history contains the following:

*It should be noted that the base on which the maximum fee is computed includes moneys turned over to secured creditors, to cover the situation where the trustee liquidates property subject to a lien and distributes the proceeds. It does not cover cases in which the trustee simply turns over the property to the secured creditor, nor where the trustee abandons the property and the secured creditor is permitted to foreclose. The provision is also subject to the rights of the secured creditor generally under proposed 11 U.S.(C.) § 506, especially section 506(c).* H.R. 95–595, 95th Cong. 1st Sess. (1977) 327, U.S.Code Cong. & Admin.News 1978, pp. 5787, 6283.

Therefore, under the holding of *SMS, Inc., supra,* the trustee's request for fees under § 326(a) is denied.