In re MODERN MIX, INC., Debtor.

FIRST NATIONAL BANK OF BALDWIN COUNTY, Plaintiff,

v.

Douglas TAYLOR, Defendant.

Bankruptcy No. 80–00749.
Adv. No. 81–0416.

United States Bankruptcy Court,
S. D. Alabama.

Jan. 13, 1982.

M. Lloyd Roebuck, Mobile, Ala., for FNB.

Paul M. Foerster, Jr., Mobile, Ala., Trustee.

### ORDER ON COMPLAINT

WILL G. CAFFEY, Jr., Bankruptcy Judge.

This matter having come on for hearing upon the Amended Complaint of the First National Bank of Baldwin County (FNB) against the Trustee seeking to recover certain accounts receivable and collections thereon made by the said Trustee, and for other relief; summons and notice of trial having been regularly issued and served; and evidence having been presented;

Now, therefore, the Court finds, concludes and orders as follows:

### FINDINGS OF FACT

On September 16, 1980, the debtor corporation filed a petition under Chapter 7 of the Bankruptcy Code. Douglas Taylor is the duly appointed, qualified and acting Trustee.

On November 28, 1978 the debtor borrowed the sum of $900,000.00 from the Birmingham Trust National Bank (BTNB). As security for said indebtedness the debtor on the same date granted to BTNB a security interest in the following:

"(A) All of the Debtor's inventory now owned or hereafter acquired during the term of this agreement;

(B) All of the Debtor's existing accounts receivable which come into existance during the term of this agreement;

(C) All the proceeds of said inventory and accounts receivable."

On December 7, 1978 the BTNB filed a financing statement in the office of the Secretary of State of Alabama describing the collateral as:

"Security interest in all inventory of Debtor of every description maintained in the conduct of Debtor's business, whether now or hereafter existing or acquired, and all proceeds thereof, including but not limited to corn, wheat and oats, and other grain and commodities, and field seed, agricultural chemicals, livestock equipment and animal health care products: and, All accounts receivables, accounts, contract rights, general intangibles, chattel paper, documents thereby, and all proceeds thereof of the Debtor's business whether now or hereafter existing or acquired, and all returned or repossessed goods arising therefrom: and, Assignment of hedging account number 231–25176 with the firm Stotler and Company, as brokers, whose address is Stuart National Bank Building, 301 E. Ocean Blvd., Stuart, Florida 33494, for the pur-

pose of trading in commodity future contracts."

On June 6, 1980 the debtor renewed the balance due on the November 10, 1978 loan in the amount of $200,000.00. In addition to the security given in the November 28, 1978 agreement, the debtor executed a mortgage on certain real property which is not at issue here.

On July 2, 1980, BTNB assigned to FNB the Note dated June 6, 1980 and November 28, 1978 security agreement.

BTNB's assignment of its rights under the financing statement to the First National Bank of Baldwin County was duly recorded on July 8, 1980 in the office of the Secretary of State of Alabama.

In July of 1980 the debtor delivered to the First National Bank of Baldwin County a list of accounts receivables and assigned its interest in those accounts to the Bank, which the Bank then proceeded to collect.

As of the date of the filing of the petition herein, the debtor owed $130,043.55 to the First National Bank of Baldwin County. Subsequent collections of accounts receivables reduced that amount to $124,845.21 with $39,380.41 in interest due.

Subsequent to the filing of the petition herein, the Trustee collected $11,528.89 of the debtor's accounts receivables, incurring typing and mailing expenses of $30.00.

The Trustee also has the following property of the debtor in his actual or constructive possession:

10,000 shares in Chem-Nut Corp. valued at $5,000.00

Stock in Gold Kist valued at less than $100.00

Stock in the Silverhill Farmers Coop. valued at less than $100.00

Disputed claim with the L & N Railroad valued at less than $1,000.00.

The Trustee disposed of salvage inventory, with the consent of the Bank, at a sales price of $250.00 and incurred mileage expenses of $22.50 and an appraisal expense of $20.00 connected therewith.

The value of the debtor's accounts receivables, including current proceeds in the hands of the Trustee and sums earned from the sale of the salvage inventory are less than the amount owed to the First National Bank of Baldwin County.

## CONCLUSIONS OF LAW

The First National Bank of Baldwin County seeks judgment in its favor for all of the items enumerated in the financing statement which was filed on December 7, 1978.

■ According to the evidence, the Bank has a security agreement covering the Debtor's inventory and accounts receivable only. While the financing statement filed on December 7, 1978 reflects a claimed security interest in inventory, accounts receivable, accounts, contract rights, general intangibles, chattel paper, documents and all proceeds thereof of the Debtor's business, no evidence was introduced showing that the Debtor granted a security interest in anything but the inventory and accounts receivables. A claimed security interest without a security agreement describing the collateral which is given as security is unenforceable. Code of Alabama (1975), Sec. 7–9–203.

The shares of Chem-Nut, Gold Kist and Silverhill Farmers Coop. stock are securities as described in Sec. 7–8–102, Code of Alabama (1975).

The claims against the L&N Railroad are general intangibles as described in Sec. 7–9–106, Code of Alabama (1975).

Since the Bank has a security agreement covering the Debtor's inventory, accounts receivable and proceeds thereof, its complaint as to these items is due to be granted. With regard to the other items claimed, the relief requested is due to be denied since the Bank does not have an enforceable security interest therein.

At the hearing of this matter, the Trustee also sought commissions of $532.37, attorney's fees of $100.00 generated as a result of the instant suit, and the payment of a bond premium of $40.00.

The Trustee proceeded to collect the debtor's accounts receivables, which were subject to a valid security interest, without the knowledge or consent of the secured party.

In this case, the Trustee rendered unsolicited services on behalf of the First National Bank of Baldwin County and is not entitled to the payment of administrative fees from the sums collected in this regard.

Section 506(c) of the Bankruptcy Code provides authority for the payment of expenses incurred in preserving of disposing of secured property:

"The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

The Trustee may recover administrative expenses from sums generated as a result of the disposition of property which is subject to a valid security interest only to the extent that such costs and expenses benefited the secured creditor; and, he may recover expenses of administration only from surpluses realized upon the disposition of the collateral. *In re Robertson*, Bkrtcy., 14 B.R. 706, 8 BCD 253 (N.D.Ga.1981).

Arguably, the Trustee rendered a service to the Bank with an ultimate benefit derived from his efforts. The Bank, however, could have attained the same result without incurring any expenses at all. The Trustee's claim for administrative expenses relative to the collection of the accounts receivable is due to be denied.

The Bank, however, did consent to the sale by the Trustee of the salvage inventory; and is therefore chargeable with the administrative costs and expenses incurred thereby, including the appraisal fee of $20.00, the Trustee's travel expenses of $22.50 and the Trustee's Commissions of $37.50.

## ORDER

Now, therefore, it is ORDERED, ADJUDGED and DECREED that the relief prayed for by the First National Bank of Baldwin County as to the Debtor's inventory, accounts receivables and proceeds thereof be, and the same hereby is, GRANTED; and it is

FURTHER ORDERED that the Trustee turnover the sum of $11,528.89 collected on the debtor's accounts receivables as well as all uncollected accounts receivable, to the First National Bank of Baldwin County; and it is

FURTHER ORDERED that the Trustee turnover to the First National Bank of Baldwin County the sum of $170.00 representing the amount realized from the sale of the debtor's salvage inventory less the administrative costs and expenses incurred therein; and it is

FURTHER ORDERED that the relief sought by the First National Bank of Baldwin County as to contract rights, general intangibles, chattel paper, documents and all proceeds thereof of the Debtor's business be, and the same hereby is, DENIED.