In re B & L ENTERPRISES, INC., Debtor.

FIRST NATIONAL BANK OF LOUISVILLE, Plaintiff,

v.

B & L ENTERPRISES, INC., Defendant.

Bankruptcy No. 3–81–02930.
Adv. No. 3–81–0548.

United States Bankruptcy Court, W.D. Kentucky.

Sept. 1, 1982.

David T. Stosberg, Louisville, Ky., for plaintiff.

John Wilson, Louisville, Ky., counsel for trustee and defendant.

## MEMORANDUM AND ORDER

G. WILLIAM BROWN, Bankruptcy Judge.

This bankruptcy case originally came before the Court on complaint and amended complaint of First National Bank of Louisville (Bank), a creditor, by counsel, seeking relief from the automatic stay pursuant to § 362 of the Bankruptcy Code, 11 U.S.C. § 362, in order to foreclose on property serving as collateral for its security interest in the approximate amount of $62,999.50. Apparently, the Bank had taken possession of said property immediately prior to the filing of the bankruptcy petition herein by order of the Jefferson Circuit Court.

On November 20, 1981, the debtor filed a petition pursuant to the provisions of Chapter 7 of the Bankruptcy Code, 11 U.S.C., and a trustee was duly appointed. On December 7, 1981, an order was entered by this Court approving the trustee's petition for the sale of personal property. By separate order of the same date, the trustee was allowed to employ the Bank for assistance in conducting the sale.

The parties agreed that the sale of the inventory located on the business premises of the debtor should be conducted expeditiously in order to take full advantage of the seasonal trade—a portion of the merchandise consisting of Christmas decorative items which would be of a lesser resale value after the close of the holiday season. The sale was conducted on or about December 17–19, 1981, and resulted in the total recovery of $36,126.00. The property remaining to be disposed of was subsequently abandoned by the trustee and sold by the Bank; the proceeds of this second sale in the amount of $11,921.85 were applied to the deficiency balance owing to the Bank.

The issue presented is whether the trustee here had reasonable cause to believe that a potential equity existed in the inventory for the benefit of the general creditors in light of the plaintiff's insistence that its debt of approximately $63,000.00 far exceeded the value of the inventory. However, both parties agreed that it was in the best interests of all concerned to immediately dispose of these items of inventory of a seasonal nature in order to maximize the potential return. It was for the purpose of expediting the sale of such items in a timely fashion that the parties agreed to permit the sale to go forward, and to the limited extent of achieving the ultimate gain, the parties were in accord.

The sale in fact was largely administered by the plaintiff and its employees with minimal participation by the trustee other than a general overview of the manner in which the sale was being conducted. The result of this sale generating proceeds of $36,126.00, plus the proceeds of a second sale netting $11,921.85 (which proceeds are not part of the current dispute), clearly reflect that the plaintiff's position was well taken in that the value of the collateral was substantially less than the amount of its claim, and that

no equity existed for the benefit of the general unsecured creditors of the estate. While admittedly this is hindsight, the assertion was supported before the fact by the appraiser for the plaintiff, and the mere allegation by the trustee that some potential equity existed was without foundation. It was for purposes of expediency without debating the issues raised and due to the potential loss from a delayed sale that the order of December 7, 1981, was issued.

The trustee filed an application for compensation as trustee, seeking $1,102.52 as commission from the proceeds of the December sale, to which the Bank objected. By Court order of January 25, 1982, the trustee was directed to turn over the sum of $35,023.48 to the Bank and to place the amount of the commission computed pursuant to 11 U.S.C. § 326(a), in an interest-bearing escrow account pending determination by the Court of the trustee's entitlement. Memoranda of legal argument and authority have been submitted by the parties.

The issue now before the Court is the entitlement of a commission by the trustee from the proceeds of the sale of encumbered property where the total recovery will not satisfy the indebtedness owing to the secured party.

The trustee asserts entitlement to compensation pursuant to 11 U.S.C. § 326, which provides in pertinent part:

"(a) In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, three percent on any amount in excess of $3,000 but not in excess of $20,000, two percent on any amount in excess of $20,000 but not in excess of $50,000, and one percent on any amount in excess of $50,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims."

Under § 326(a), the legislative history is pertinent to the case at bar:

"It must be emphasized that this section does not authorize compensation of trustees. This section simply fixes the maximum compensation of a trustee. Proposed 11 U.S.C. 330 authorizes and fixes the standard of compensation ... It should be noted that the base on which the maximum fee is computed includes moneys turned over to secured creditors, to cover the situation where the trustee liquidates property subject to a lien and distributes the proceeds. It does not cover cases in which the trustee simply turns over the property to the secured creditor, nor where the trustee abandons the property and the secured creditor is permitted to foreclose. The provision is also subject to the rights of the secured creditor generally under proposed 11 U.S.[C.] 506, especially 506(c)." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 327 (1977); S.Rep. No. 95–989, 95th Cong.2d Sess. 37–38 (1978), U.S.Code Cong. & Admin.News 1978, p. 5787, 6283.

The trustee's allowance of compensation under 11 U.S.C. § 326(a) is subject to the right of a secured creditor pursuant to 11 U.S.C. § 506(c), which states in pertinent part:

"(c) The trustee may recover from property securing an allowed secured claim the reasonable, necessary costs and expenses of preserving, or disposing of, such property to the extent of any benefit to the holder of such claim."

To the extent a trustee or debtor in possession expends money as part of the costs and expenses of preserving or disposing of the collateral of a secured claimant, the trustee or the debtor in possession is, under section 506(c), entitled to recover those expenses from the secured party or from the property which secures the allowed secured claim held by the party. But it should not be overlooked that the recovery by the trustee from property securing an allowed secured claim is only to the extent that the secured creditor has bene-

fited from action taken by the trustee in preserving or disposing of the property. See 3 *Collier on Bankruptcy,* ¶ 506.06 (15th Ed. 1979); also see *In Re Robertson,* 8 B.C.D. 253, 14 B.R. 706, 5 C.B.C.2d 423 (N.D.Ga.1981); *Textile Banking Co., Inc. v. Widener,* 265 F.2d 446 (4th Cir.1959); *In Re Hotel Associates, Inc.,* 2 C.B.C.2d 1162, 6 B.C.D. 939, 6 B.R. 108 (E.D.Pa.1980).

However, in the instant case, the matter in issue is not the recovery by the trustee of costs and expenses connected with the sale of encumbered property, but is the entitlement to a statutory trustee's commission to be charged to the proceeds of the sale of this property. The case of *In Re Truitt,* 5 C.B.C.2d 532, 15 B.R. 169 (N.D.Ga.1981), summarily disposes of this question with the statement: "The trustee is not entitled to collect his commission from secured property administered in bankruptcy." At 534, citing *Gugel v. New Orleans,* 239 F. 676 (5th Cir.1917).

As was said in *Gugel, supra:*
"If there is a real or apparent equity in the property for the estate, and so reasonable grounds for administering it in bankruptcy the lienholder should be charged with the reasonable costs of such proceedings in the bankruptcy court as are appropriate to foreclosing the lien and selling the incumbered [sic] property, but not the commissions and expenses of the officers of the bankruptcy court incurred in the general administration of the estate in Bankruptcy, from which the lienholders receive no benefit." At 679.

Thus where a trustee undertakes to sell fully encumbered property, or property with only a slight equity in it, or when the trustee abandons the property to a secured claimant, there is no actual or constructive disbursement and the trustee cannot collect any compensation. 2 *Collier on Bankruptcy,* ¶ 326.01 (15th Ed. 1981); also see *In Re SMS, Inc.,* 15 B.R. 496, 5 C.B.C.2d 806 (D.Kan.1981); *In Re Hinkle,* 15 B.R. 572 (D.Kan.1981).

It is the opinion of the Court, in view of the foregoing, that the trustee here is not entitled to the statutorily prescribed compensation under § 326(a) from the proceeds of the sale of fully encumbered property since the proceeds will not satisfy the indebtedness due the secured party, and there is neither a benefit conferred on the secured party nor equity realized in favor of the unsecured creditors of the estate as a result of the sale.

This Memorandum and Order constitutes Findings of Fact and Conclusions of Law pursuant to Rule 752, R.B.P.

WHEREFORE, IT IS ORDERED AND ADJUDGED that the trustee's application for compensation in the amount of $1,102.52 pursuant to 11 U.S.C. § 326(a) be and the same is hereby denied. This is a final order.