## In re MUSIC MERCHANDISERS, INC., Debtor.

### Bankruptcy No. 385–01035.

United States Bankruptcy Court, M.D. Tennessee.

Sept. 17, 1991.

William Caldwell Hancock, Nashville, Tenn., for trustee Lawrence Pollack.

Barbara D. Holmes, Beth Roberts Derrick, Nashville, Tenn., Asst. U.S. Trustees.

## MEMORANDUM

KEITH M. LUNDIN, Bankruptcy Judge.

The question presented is whether the Chapter 7 trustee is entitled to a commission on funds "deemed" disbursed in a settlement with a claim holder. 11 U.S.C. § 326 does not allow the trustee a fee. The following are findings of fact and conclusions of law. Bankr.R. 7052.

### I.

There are two controversies between the Internal Revenue Service and the Chapter 7 trustee. The trustee sued the IRS to recover a fraudulent conveyance. The trustee claims that the debtor corporation paid $348,825.79 to the IRS for personal income taxes of the debtor's president and others. The IRS denies liability.

The IRS filed a priority claim for more than $15,000,000. The trustee objects to approximately one-third of this claim.

Even if the trustee succeeds in the claim objection, all of this Chapter 7 estate, net of expenses of administration, will be paid to the IRS.

The Chapter 7 trustee and the IRS moved for approval of a compromise. The proposed settlement recites that "the amount sought in the trustee's adversary proceeding will be deemed recovered by the trustee from the United States in full together with pre-judgment interest." In exchange, the claim of the United States "will be allowed in full as a prepetition, unsecured claim entitled to distribution priority pursuant to 11 U.S.C. § 507(a)(7)." The mechanics of settlement are that "the trustee will distribute all but $25,000 of the amount deemed recovered ... to the United States in partial satisfaction of its allowed priority claim and shall retain the $25,000 not so distributed for the use of the estate to be available for payment of expenses of administration ... any portion of the $25,000 not so expended shall be paid to the United States ... as a further partial distribution with respect to its allowed priority claim." For "administrative convenience," the United States will not actually issue a check for the amount "deemed" recovered by the trustee. Instead, the United States will issue "a 'net' check ... to the trustee in the amount of $25,000." The settlement then provides:

> While mechanically the Trustee will not actually receive and distribute the entire amount of the recovery ... for all purposes in this case the order approving this compromise settlement will treat those events as if they had happened for all purposes, including but not limited to calculation of any commission payable to the Trustee with respect to what would have been the receipt and redistribution of those funds.

The United States trustee objects to the portion of the settlement that would allow the Chapter 7 trustee a commission on the $348,825.79.

## II.

11 U.S.C. § 326(a) provides:

In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed fifteen percent on the first $1,000 or less, six percent on any amount in excess of $1,000 but not in excess of $3,000, and three percent on any amount in excess of $3,000, *upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.*

(emphasis added).

In this case, $348,825.79 will not physically be "disbursed or turned over" to the IRS. The question becomes whether accounting for money that is "deemed" disbursed is sufficient to entitle a trustee to compensation under § 326.

The legislative history of § 326 offers little enlightenment. Section 326 was illiberally worded to preclude trustee compensation on disposition of fully encumbered property:

> It should be noted that the base on which the maximum fee is computed includes moneys turned over to secured creditors, to cover the situation where the trustee liquidates property subject to a lien and distributes the proceeds. It does not cover cases in which the trustee simply turns over the property to the secured creditor, nor where the trustee abandons the property and the secured creditor is permitted to foreclose.

H.R.Rep. No. 595, 95th Cong., 1st Sess. 327 (1977); S.Rep. No. 989, 95th Cong., 2d Sess. 37–38, U.S.Code Cong. & Admin.News 1978, p. 5787 (1978). Case law since the enactment of the 1978 Code has interpreted § 326 to preclude compensation where fully encumbered property is abandoned, sold or turned over to a secured creditor. *See The New Famers Nat'l Bank of Glasgow v. McKinney (In re McKinney),* 45 B.R. 790 (Bankr.W.D.Ky.1985); *In re Lambert Implement Co., Inc.,* 44 B.R. 860 (Bankr. W.D.Ky.1984); *First Nat'l Bank of Louisville v. B & L Enters., Inc. (In re B & L Enters., Inc.),* 26 B.R. 220 (Bankr.W.D.Ky.

1982); *First Nat'l Bank Chanute, Kansas v. Hinkle (In re Hinkle)*, 15 B.R. 572 (Bankr.D.Kan.1981); *In re SMS, Inc.*, 15 B.R. 496 (Bankr.D.Kan.1981).

When partially encumbered property is sold by a trustee, conflicting case law has interpreted § 326 and its predecessor under the Act to allow trustee compensation in some situations. One general rule seems to be that the base for calculation of compensation for a sale "subject to liens or encumbrances" excludes the amount of liens and includes only the net or surplus actually paid to (and presumably "disbursed or turned over" by) the trustee. *See In re Old Oregon Mfg. Co.*, 236 F. 804 (W.D.Wash.1916) (commission allowed only on interest that trustee held); *In re Meadows*, 211 F. 948 (2d Cir.1914) (commission only on surplus after paying loan); *In re Prindible*, 115 F.2d 21 (3d Cir.1940) (commission "only on the value of the equity of redemption"); *In re Bowen*, 46 F.Supp. 631 (E.D.Pa.1942) (following *Prindible*). *But see In re Stanley*, 120 B.R. 409 (Bankr. E.D.Tex.1990) (commission allowed on dollar value of lien assumption).

When the purchaser at a sale "subject to liens" is a lienholder, a different rule may apply. *See In re West*, 232 F. 903 (M.D.Pa. 1916) (sale to lienholders; commission base includes amount of lien); *Varney v. Harlow (In re Columbia Cotton Oil & Provision Corp.)*, 210 F. 824 (4th Cir.1913) (full commission allowed on sale where lienholders paid only equity to trustee); *In re Morse Iron Works & Dry Dock Co.*, 154 F. 214 (E.D.N.Y.1906) (commission allowed on full sale price if sold to creditor who paid only unencumbered value); *In re Sanford Furniture Mfg. Co.*, 126 F. 888 (E.D.N.C.1903) (commission allowed on full purchase price, even if purchased by lienholder).

When the sale is "free and clear of liens," either with the lien holder's permission or pursuant to court order, commissions are generally allowed on the full sale price, apparently because the full sale price would be disbursed as money, rather than "disbursed" in part in the form of a lien assumption. *See Southwestern Media,*

*Inc. v. Rau*, 708 F.2d 419 (9th Cir.1983) (compensation allowed on full sale price where property is sold free of existing liens and money is disbursed to lienholder); *In re Schautz*, 390 F.2d 797 (2d Cir.1968) (property sold free and clear of interest of joint tenant; trustee's compensation should be based on full purchase price including portion of proceeds that were received on account of joint tenant's interest); *In re Lowell Textile Co.*, 288 F. 989 (D.Mass. 1923) (compensation allowed on full sale price, not just surplus where property is sold free of liens and liens were transferred to proceeds from sale). *But see In re Anders Push Button Telephone Co.*, 136 F. 995 (S.D.N.Y.1905).

Courts have acknowledged that calculating trustee's compensation differently for sales "subject to liens" than for sales "free and clear of liens" creates disincentives for trustees and may make no economic sense for creditors. *See Southwestern Media*, 708 F.2d 419 (9th Cir.1983) (in dicta, "no persuasive reason" why a sale subject to an existing lien should produce different trustee's compensation than a sale free and clear of liens); *In re Stanley*, 120 B.R. 409 (Bankr.E.D.Tex.1990) (to avoid a "hypertechnical reading of 11 U.S.C. § 326(a)," in the absence of proof that the Chapter 7 trustee has violated his fiduciary duties to the estate, the trustee's choice to sell property "subject to liens" or to sell property "free and clear of liens" will produce the same base for compensation of commissions).

Arguing by analogy to a sale "subject to liens or encumbrances" where the purchaser is a lienholder, the trustee asserts that $348,825.79 will be "constructively disbursed" to the IRS and should be included in the compensation base for § 326 purposes. The predicate for entitlement to compensation under § 326 is the disbursement or turning over of "moneys." "Money" means currency or negotiable paper, not other forms of property. *See In re Morris Bros.*, 8 F.2d 629 (D.Or.1925) (money, not property, is the basis for computing commission); *In re Brigantine Beach Hotel Corp.*, 197 F.2d 296 (3d Cir.1952) (property is not same as money); *Reconstruc-*

*tion Fin. Corp. v. Callaghan (In re Allied Owners Corp.)*, 79 F.2d 187 (2d Cir.1935) (commission calculated on cash), *aff'd*, 297 U.S. 464, 56 S.Ct. 519, 80 L.Ed. 804 (1936). In its ordinary meaning, to "deem" that money is disbursed is something less or other than to actually disburse money. *See* Webster's Third New International Dictionary, 589 (unabridged 1981) ("... to come to view, judge or classify after some reflection: HOLD, THINK ... BELIEVE, SUPPOSE ..."). That the trustee did not disburse or turn over cash money has compelled courts on various facts to resist inclusion of "constructive disbursements" in the compensation base for purposes of § 326. *See In re New York Commercial Co.*, 231 F. 445 (2d Cir.1916) (commission not allowed where trustee was agent for sale and money did not actually go through trustee's hands); *In re American Surety Co. v. Freed (In re Breakwater Co.)*, 224 F. 333, 336–37 (3d Cir.1915) (commission not payable where lienholder paid by purchasers not by estate); *In re Riker Ind., Inc.*, 122 B.R. 964 (Bankr.N.D.Ohio 1990) (no commission on receivable collected by creditor); *In re Dodge*, 104 B.R. 491 (Bankr.S.D.Fla.1989) (no commission on mortgage satisfied at closing where auctioneers and lawyers, not trustee, disbursed funds); *In re Indoor–Outdoor Dining, Inc.*, 77 B.R. 952 (Bankr.S.D.Fla.1987) (no commission where title company closed sale and disbursed money); *In re Palm Beach Resort Properties, Inc.*, 73 B.R. 323 (Bankr.S.D.Fla.1987) (no commission where purchaser paid $2.4 million to secured creditor and the money did not go through trustee); *In re New England Fish Co.*, 34 B.R. 899 (Bankr.W.D.Wash.1983) (compensation not calculated on release of claims, set off or cancellation of claims). *But see In re Greenley Energy Holdings of Pa., Inc.*, 102 B.R. 400 (E.D.Pa.1989) (compensation allowed on present value of contracts generated by trustee).

The trustee proposes to trade a cause of action for reduction of a claim against the estate. Trading a cause of action is not disbursing or turning over moneys. There is no question that this proposed settlement is an efficient and sensible resolution of the trustee's lawsuit and the IRS's disputed claim. Refusal of this settlement will likely result in expensive litigation with no obvious benefit or may produce a farcical "settlement" where the IRS and the trustee exchange checks to bring form and substance into congruence. There are good arguments for legislation correcting the wording of § 326. In the meantime, the United States trustee's objection to the settlement will be sustained.

An appropriate order will be entered.