**In re Darrell E. BARNETT and Gloria J. Barnett, Debtors.**

**Bankruptcy No. X86–02468S.**

United States Bankruptcy Court, N.D. Iowa, W.D.

Sept. 10, 1991.

**488**

Alvin J. Ford, Sioux City, Iowa, for debtors.

Donald H. Molstad, Sioux City, Iowa, trustee.

## DECISION RE: TRUSTEE'S FINAL REPORT

WILLIAM L. EDMONDS, Bankruptcy Judge.

Case trustee Donald H. Molstad requests approval of his final report including approval of trustee's compensation in the amount of $8,382.98. This requested trustee's fee includes $1,500.00 based on "constructive disbursements" to secured creditors. Because the trustee has calculated requested fees using constructive disbursements, the U.S. Trustee has refused to approve the final report and comments to the court that fees on such disbursements should not be allowed. Hearing on the application and the U.S. Trustee's comments was held by telephone on August 7, 1991.

### FINDINGS OF FACT

During his administration, the trustee sold real estate to Berne Coop for $87,-000.00 in cash. According to the trustee's final report, the buyer agreed to assume[1] a

---

1. The final report stated that buyer had "assumed" the mortgage. The *Offer to Buy* does not express whether the Coop assumed the obli-

---

$10,000.00 mortgage on a bin located on the transferred property. Also during his administration of the estate, trustee Molstad sold a parcel of real estate to Elmer Mordhorst for $76,500.00. The sale price included Mordhorst's "assumption" of a real estate contract having a balance of $40,000.00. The buyer paid $36,500.00 in cash to the trustee.

In calculating his maximum fee under 11 U.S.C. § 326(a), trustee has included as disbursements the debts assumed by Mordhorst and Berne Coop. These assumptions of debt total $50,000.00. Their inclusion as disbursements increases the maximum fee calculation by $1,500.00. The trustee requests the maximum fee.

### DISCUSSION

■ A case trustee is entitled to "reasonable compensation" for "actual, necessary services rendered ... " 11 U.S.C. § 330(a)(1). The trustee's compensation is limited to an amount arrived at by applying a sliding scale of percentages to "all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims." 11 U.S.C. § 326(a). The base upon which the maximum fee is calculated was not intended by Congress to include the value of property abandoned by the trustee or the value of property turned over to secured creditors. S.Rep. No. 95–989, 95th Cong., 2d Sess. 37–38 (1978); H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 327 (1977); U.S.Code Cong. & Admin.News (1978), pp. 5787, 5823–5824, 6283–6284. The base does include moneys received in the liquidation of encumbered estate property even to the extent the trustee pays out such moneys to secured creditors. *Id.* But trustees have been denied a statutory fee based upon the sale price of fully encumbered property or the sale of property enjoying only slight equity. *First National Bank of Louisville v. B & L Enterprises, Inc., (In re B & L Enterprises, Inc.),* 26 B.R. 220, 223 (Bankr.W.D.Ky.1982).

gation or merely purchased the real estate subject to it.

■ Courts have disagreed, however, on whether trustees may collect fees based on "constructive disbursements" which are said to exist when the trustee sells encumbered property subject to the lien. The constructive disbursement is considered to be the amount or value of the lien which the buyer assumes or which the sale is made subject to. It is said that the value of the lien is "constructively disbursed" to a party in interest in the case.

The case trustee and the U.S. Trustee have cited four cases to the court which bear upon the decision in the pending case. Supporting the trustee's position are *In re Stanley*, 120 B.R. 409 (Bankr.E.D.Texas 1990) and *Southwestern Media, Inc. v. Rau*, 708 F.2d 419 (9th Cir.1983). Supporting the position of the U.S. Trustee are *In re New England Fish Co.*, 34 B.R. 899 (Bankr.W.D.Wash.1983) and *In re Indoor-Outdoor Dining, Inc.*, 77 B.R. 952 (Bankr. S.D.Fla.1987).

Having considered the arguments of the parties and the cited authorities, I conclude that the trustee's maximum fee may not be calculated based on the value of liens to which the transfer of property is made subject. The primary reason for my decision is the language of the statute. Section 326(a) provides that the limit of compensation is to be calculated by applying percentages to "all moneys disbursed or turned over...." When a trustee sells property to a buyer subject to a lien, there has been no money disbursed or turned over to the lienholder. He has not received any money at the time of the sale or upon the trustee's closing distribution. The lienholder may never receive anything for his interest, depending on the amount and priority of various liens and the value of the property. The creditor might be benefited. Such a sale would have the effect of granting the creditor relief from the stay as to the estate so creditor might pursue satisfaction of the lien. Also, the creditor may have the opportunity to deal with a more solvent or stable buyer and thus might be able to work out a continuing payment of the value of the lien without the necessity of foreclosure or the loss of value if another and superior lienholder forecloses. But these benefits are not money.

By "constructive disbursement" it must be meant that because of some policy which we wish to support, we regard the benefit provided to the secured creditor as having the same quality as the act actually described in the statute—the turnover or disbursement of money to the creditor. Arguably, the policies which the theory of constructive disbursement serve could include our encouraging trustees to make sales subject to liens where sales free and clear of liens are not possible or do not provide the same net benefit to the estate. It is also arguable that sales subject to liens are often as difficult and complex as sales free and clear of liens and that trustees should be rewarded for accomplishing such work in the same fashion as they would be rewarded had the sale been free and clear of liens. Third, one can say that the net benefit to the estate or to the unsecured creditors is the same regardless of whether estate property is sold free and clear of liens or subject to them. If so, why should the former provide greater compensation possibilities for the trustee than the latter?

These arguments have merit, yet I do not believe that the language of the statute can bear their weight. Congress has chosen to provide money disbursed or turned over as the basis for calculation. It could, but did not, choose the words "property" or "value". "Money" is the more limited term. "In usual and ordinary acceptation, [money] means coins and paper currency used as circulating medium of exchange, and does not embrace notes, bonds, evidences of debt, or other personal or real estate." *Black's Law Dictionary*, 906 (5th ed.1979).

I cannot escape the feeling that were I to rule in the trustee's favor, I would be legislating a result different from that provided for by Congress. I would probably be doing so to foster a policy of fairly compensating trustees for services provided. Congress has provided one test for compensation—reasonable compensation for actual and necessary services. 11 U.S.C. § 330(a). But regardless of how warranted compen-

sation may be under such a test, it may not exceed the cap provided in 11 U.S.C. § 326(a). That cap is determined by considering the moneys disbursed or turned over. To transmute or perhaps to transmogrify the congressional cap on fees to a test of benefit to the estate, is to ignore § 326(a). Unfortunately, the result may be that there are times that the trustee provides greater benefit to the estate than that for which he may be compensated. If so, it is the responsibility of Congress to correct for that circumstance.

One might argue that the court's literal reading of the statute would subject trustees to inevitable second guessing by parties in interest who would argue that trustees structure sales free and clear of liens rather than subject to them, in order to obtain higher fees. Such a specter may exist, but I have seen no evidence of its substance in practice. Prior to this ruling, this issue has been an open one, and either trustees have not sought fees based on the "constructive disbursements" theory or if they have, creditors have not sought to challenge them or to impugn their motives. To the extent the specter takes substance, we will have to deal with it. However, I suspect that there is less of a problem than may be imagined. Often the method of purchase will be determined by the buyer whose main concerns will be quality of title and value. More often than not, sales free and clear of liens will be the practical rule and not an exception pursued by the trustee as a fee enhancement device.

Finally, were I to accept the trustee's position on this issue, the determination of the amount of "constructive disbursements" would not always be such an easy task. When the trustee sells property free and clear of liens, generally, the limit on his fee will be calculated by his disbursement or turnover of the moneys received. However, if he or she bargains to sell property of the estate subject to liens, it may be that the trustee will not always know, or need to know, the number or value of these liens. It is not necessary for creditors holding liens on estate property to file proofs of claim. If there is equity in the property, such creditors would merely await the opportunity to satisfy their liens outside of the administration of the estate. In order to calculate the fee maximum would it be necessary for the trustee to prove the value of these liens? I expect so, but it would seem to be an otherwise wasteful process.

For the foregoing reasons, I conclude that 11 U.S.C. § 326(a) does not permit calculation of the trustee's maximum fee by considering the value of liens which are not paid by the trustee but which remain attached to the property interest transferred by the estate. Accordingly,

IT IS ORDERED that trustee Donald H. Molstad is allowed trustee's fees in the amount of $6,882.98. In all other respects, the trustee's final report is approved and disbursement may be made in accordance with the final report as modified by this order. Judgment shall enter accordingly.

SO ORDERED.