**In re CADDIE CONSTRUCTION COMPANY, INC., Debtor.**

**Bankruptcy No. 90–00959–9P7.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

March 19, 1996.

See also, 125 B.R. 674.

**798**

Michael A. Hanson, Tampa, FL, for debtor.

Melody Genson, Trustee, Sarasota, FL.

Cynthia P. Burnette, Tampa, FL, for U.S. Trustee.

Clifford D. Edelston, Orlando, FL.

ALEXANDER L. PASKAY, Chief Judge.

**ORDER ON UNITED STATES TRUSTEE'S OBJECTIONS TO (1) TRUSTEE'S PRELIMINARY REPORT OF ESTATE; (2) APPLICATION OF TRUSTEE FOR COMPENSATION; (3) APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES FOR ATTORNEY FOR TRUSTEE (JOY, GAUSE, GENSON & MORAN); AND (4) APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEE FOR ATTORNEY FOR TRUSTEE (MELODY D. GENSON)**

THIS IS a Chapter 7 liquidation case and the matters under consideration are the United States Trustee's (US Trustee) Objections to (1) the Trustee's Preliminary Report; (2) the Application of the Trustee for Compensation; (3) the Application for Allowance of Attorney's Fees for Attorney for Trustee filed by the law firm of Joy, Gause, Genson & Moran (Joy & Gause); and (4) Application For Allowance of Attorney's Fee by Melody Genson (Genson) for services rendered to herself acting as the Trustee of the estate of Caddie Construction Company, Inc. (Debtor).

At the duly scheduled and noticed hearing on the above matters, this Court heard argument by the US Trustee and Ms. Genson, after which the Court announced that the Preliminary Report was clearly unacceptable and could not be approved unless the deficiencies identified by the US Trustee were corrected. The Court directed the US Trustee to submit an Order Sustaining the Objection, with leave granted to Ms. Genson to file an amended Preliminary Report within 15 days of the entry of the Order. This left for consideration the remaining Objections of the US Trustee directed to the Applications for Allowance of Attorney's Fees by the law firm of Joy & Gause, Ms. Genson as Trustee, and Ms. Genson as attorney for the estate.

**APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEES BY ATTORNEYS FOR TRUSTEE**

The firm of Joy & Gause was authorized to be employed as attorneys for the Trustee on June 27, 1990. In its first Application filed on March 22, 1991, Joy & Gause sought an allowance of $24,825.00 as fees for legal services, and $898.20 as reimbursement for expenses for the period of February 19, 1990, through February 28, 1991. According to the Application, Joy & Gause spent 165.50 hours performing legal services for the Trustee at an hourly rate of $150.00.

On February 9, 1996, Joy & Gause filed a second Application (dated July 30, 1993) seeking $23,296.80 as fees, and $968.00 as reimbursement for expenses for the period from March 1, 1991, through November 30, 1991. The time spent by the law firm, according to this second Application, was approximately 155.3 hours. However, it appears from the attachment to this second Application that Joy & Gause rendered 32.20 hours of legal services and seeks only an additional $4830.00 as fees, and $69.80 as reimbursement for expenses. Be that as it may, the total amount requested in this second Application is $23,296.80, which includes an unexplained balance forward of $19,365.00.

■ The US Trustee in its Objection points out first, that in its original Fee Application, Joy & Gause sought compensation for services rendered during approximately four months prior to this Court's authorization of its employment which was not a nunc pro tunc authorization. The US Trustee further points out that the majority of services rendered during this time period related to an auction conducted by an auctioneer employed by the Trustee, which generated a net

amount to the estate of $978.00. According to the schedules submitted with the first Application, attorneys of the law firm spent 8.5 hours attending the auction and attempting to sell a condominium which never produced any benefit to the estate. Attending an auction is a service which, by no stretch of the imagination, could be characterized as legal services. The fee sought for attending the auction is $1,275.00.

 In addition, the Application of Joy & Gause contains numerous entries which lump items together, making it impossible to determine whether or not any particular matter required the time to perform as indicated on the application. Lastly, Joy & Gause also charged travel time on a professional basis, which is also improper. Based on the foregoing, it is evident that the amount sought by Joy & Gause is grossly excessive, and the reasonable fee shall not be more than $12,500.00.

## APPLICATION OF TRUSTEE FOR COMPENSATION

 The United States Trustee also filed an Objection to Ms. Genson's Application for Compensation, pointing out two matters which require consideration by this Court. Ms. Genson's Application sought compensation for her services as Trustee in the amount of $3,950.53 and reimbursement of expenses in the amount of $377.05. The fee sought is based on the percentage fixed by § 326 of the Bankruptcy Code, which provides the maximum allowance to be computed on "all monies disbursed or turned over in the case by the Trustee to the party of interest, excluding a Debtor, but including holders of secured claims." In its Objection, the United States Trustee points out that on November 19, 1990, this Court entered an Order and scheduled a pre-trial conference in an adversary proceeding styled, *MCA Insurance Company v. Melody D. Genson, as Trustee of Caddie Construction Company, Inc., et al.*, Adv.Proc. No. 90–307. Based on a stipulation of the parties, this Court directed the City of Altamonte Springs to turn over to the estate a sum of $40,323.16. This was to be held in an interest-bearing account pending a resolution of MCA's Motion for Partial Summary Judgment. Those funds were undisbursed monies remaining on a construction project owned by the City to which there were conflicting claims asserted by the parties, including Ms. Genson on behalf of the Estate. Although the procedure was not technically cast in the form of an interpleader, this Court is satisfied that the funds never became property of the estate, and the Trustee merely held the funds as a stakeholder. The funds were eventually turned over to MCA which prevailed on its Motion for Partial Summary Judgment. In opposition, Ms. Genson contends that the Trustee's position was no different in this situation then when a Trustee liquidates encumbered assets and holds the proceeds pending the resolution of the right of several parties to the funds.

While it is true that § 326(a) permits an inclusion in the base to calculate the Trustee's commission, funds turned over to secured parties are clearly not the case here. In addition, there is authority to support the proposition that when the trustee fully liquidates encumbered assets, assets which provided no net benefit to the estate, it is improper to be included in the base for calculating the commission to which the Trustee is entitled. *See, e.g., In re B & L Enterprises, Inc.*, 26 B.R. 220 (Bkrtcy.W.D.Kentucky 1982) (trustee was not entitled to proceeds of sale of fully encumbered property where proceeds would not satisfy the indebtedness and where no benefit was conferred on secured creditors and no equity in favor of the unsecured creditors); *see also In re Barnett*, 133 B.R. 487 (Bkrtcy.N.D.Iowa, W.D.1991); *In re Lambert Implement Co., Inc.*, 44 B.R. 860 (Bkrtcy.W.D.Kentucky 1984).

 In addition, Ms. Genson also included $500.00 in the base in calculating the maximum fee allowable, which she received as a deposit on a prospective sale which was later returned because the sale was never consummated. Equally, the $500.00 never became property of the estate, and again, should not be included in the base in calculating her commission.

Even a brief review of the history of this case, which has been pending since 1990,

leaves more than a lingering doubt that the administration of the estate by Ms. Genson was less than exemplary. This is true even if one considers this record in a charitable and most favorable light to Ms. Genson. Ms. Genson filed her interim final report 2½ years ago in 1993. The report is replete with deficiencies, all of which were called to her attention by the US Trustee. However, even as of today, the deficiencies have not been corrected. For instance, on May 1, 1990, this Court authorized the Trustee to employ Walter Driggers of Apt Realty to conduct an auction. The auction produced a gross amount of $4,373.60 which netted to the estate the munificent sum of $978.40 as a result of an unverified nonitemized disbursement of $3395.20 by the auctioneer. This amount was disbursed by the auctioneer and remains a well-kept secret as to the nature of the disbursements. In light of the fact that this deficiency was called to Ms. Genson's attention several times and has yet to be corrected, it is evident that Ms. Genson was less than alert and vigilant in looking after the affairs of the estate of which she was a fiduciary, and was entrusted to administer. For the foregoing reasons, this Court is satisfied that the amount $40,323.16, was improperly included in the base used by Ms. Genson for calculating her entitlement to commission under § 326(a) of the Bankruptcy Code.

One of the most appalling aspects of this administration was Ms. Genson's lackadaisical attitude concerning her duties under § 704(5) of the Bankruptcy Code which requires the Trustee to examine proof of claims and to object to any claim which appears to be improper. In the present instance, MCA filed a proof of claim in the amount of $302,115.75 as a general unsecured claim. The proof of claim is totally undocumented. In addition, the proof of claim is accompanied by no documentation whatsoever indicating whether or not there is a legally due and owing obligation of the Debtor. MCA also filed a secured claim in the amount of $207,338.08. This was purported to be the short fall on the construction projects which, allegedly, MCA was required to make good pursuant to a Payment and Performance Bond it furnished to the Debtor. MCA never filed any accounting and this secured portion appears to have been fully satisfied, and it is impossible to tell what is the collateral which secures this claim which has been liquidated by Ms. Genson.

Florida Crushed Stone Company filed a proof of claim No. 9 as a secured claim in the amount of $5,916.11. The claim purports to be entitled to secured status because the claimant has a Mechanic's Lien. Even assuming without admitting that Florida Crushed Stone in fact has a valid perfected Mechanic's Lien, a proposition far from clear, it is evident it cannot be allowed as a secured claim since it appears that there are no funds currently in the hands of the Trustee which were derived from the sale of the property Florida Crushed Stone on which came to have a Mechanic's Lien.

Employer's Contract services (ECS) filed proof of claim (No. 4) in the amount of $24,234.97. It appears from the adversary proceeding, commenced by a complaint filed by MCA, that a portion of this claim may have been paid, in full, by MCA. Clearly, this claim should be reviewed and objections interposed to the allowance if it appears to be appropriate. One of the most glaring oversights of Ms. Genson was her failure to object to the allowance of ALTAIR Services Inc., who filed proof of claim (No. 3) in the amount of $15,182.50. The Trustee included this claim as one scheduled to receive distribution even though, the claim was already resolved and paid in full pursuant to an Order entered by this Court on September 20, 1991.

Considering the foregoing, the Trustee's objection to the Application of Trustee for Compensation is sustained and the reasonable fee should not be more than $2,000.00.

### APPLICATION FOR ALLOWANCE OF ATTORNEY'S FEE FOR ATTORNEY FOR TRUSTEE

Shortly after her appointment, Ms. Genson sought authority to employ herself as the attorney for the estate, the application for which was granted. The matter under consideration is her application for allowance which seeks allowance of $1,005.00 for attor-

ney's fees for 6.7 hours spent on legal services billed at the rate of $150.00 per hour. In addition she also seeks a reimbursement of expenses of $43.55. The schedule submitted with the fee application leaves no doubt that the bulk of the time spent was for routine services which were primary duties to be performed by a Trustee, and did not require professional service. In light of the fact that the estate also had special counsel employed to handle legal matters relating to the administration of the estate, this Court is satisfied that compensable legal services were minimal and a reasonable fee should not be more than $600.00. Ms. Genson also seeks a reimbursement for unspecified expenses in the amount of $43.50 indicating postage and photocopies but failing to disclose how many copies were actually necessary and at the rate charged per page. Thus, it is impossible to determine if the expenses were reasonable. Therefore, this request should be denied.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the US Trustee's Objections to (1) the Trustee's Preliminary Report; (2) the Application of the Trustee for Compensation; (3) the Application for Compensation by the Law Firm of Joy, Gause, Genson & Moran; and (4) the Application for Compensation by Ms. Genson for Attorney's Fees be, and the same are hereby sustained in part. It is further

ORDERED, ADJUDGED AND DECREED that Ms. Genson shall file an Amended Preliminary Report after having reviewed such claims and interposed objections to such claims as may be appropriate within 15 days from the date of this Order. It is further

ORDERED, ADJUDGED AND DECREED that the Application for Allowance of Attorney's Fees for Attorney for Trustee filed by the law firm of Joy, Gause, Genson & Moran shall be allowed but, reduced to a reasonable amount which is hereby determined to be $12,500. It is further

ORDERED, ADJUDGED AND DECREED that the Application of the Trustee for Compensation shall be allowed but, re-

duced to a reasonable amount which is hereby determined to be $2,000. It is further

ORDERED, ADJUDGED AND DECREED that the Application For Allowance of Attorney's Fee for Attorney For Trustee filed by Melody Genson shall be allowed but, reduced to a reasonable amount which is hereby determined to be $600.

DONE AND ORDERED.